Catron, Ch. J.
delivered the opinion of the court»-
Two slaves were sued for. Their value is jointly assessed at six hundred dollars. This is erroneous. 1 Chit. Plead. 122: 1 Ter. 170: 10 Coke’s Rep. 119: 3 Vin. Sup. 192: 2 Starkie’s Ev. 495: Higginbotham vs. Ruck-er, 2 Call. 313. Some of the slaves sued for might be delivered, and others it might be impossible to deliver, because of death pending the suit. In the nature of things the value of each slave must be assessed.
But can the court order the value to be assessed without opening the cause to another trial on the merits? The statute of 1801, ch. 6, sec. 62, provides, that if in detinue the verdict shall omit price or value, the court may at any time award a writ of enquiry to ascertain the same.
On this statute we have had no practice. The verdict, so far as it assesses joint damages, is illegal, and may be treated as void. We borrowed this section of the act of 1801, from that of Virginia of 1792, ch. 76, sec. 37; as are borrowed from our older sister, many of the preceding and succeeding sections of the act.
*571 In Virginia, their act has received the construction above intimated. A joint value having been assessed where four slaves were sued for, the verdict was so far treated as invalid, and the cause remanded to have the separate value of each slave assessed. 2 Call. 318. The case above cited, Cornwell vs. Truss, (2 Mun. 195,) is to the same effect.- We approve of these decisions.
The judgment of the court below will therefore be reversed, and this cause remanded to the Wilson circuit court, with directions to that court to award a writ of en-quiry to ascertain the separate value of each slave recovered, as though price or value had been omitted in the verdict; and after the execution of such writ of enquiry, for judgment to be entered for the defendant in error, Beasiy, for the slaves, or their respective values, if not to be had.
The rights of the parties in this cause depended entirely on the facts. Had the verdict been either way, the circuit court ought not to have disturbed it. We think, however, it is in accordance with the weight of the evidence.
As to the point, that the slaves were hired by Beasiy to Baker, through the agency of the wife of Baker, and daughter of Beasiy, and that a demand of them from Baker was necessary before the action could be maintained, we think there is nothing in it. The proof is abundant that Beasiy attempted peaceably and forcibly to get possession of the slaves, which Balter prevented, grounding his acts of resistance on a claim of title by gift to himself.
Judgment reversed.